

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann        AUSTIN 11, TEXAS
**JOHN XXXXX XXXXXXXX**RD
**ATTORNEY GENERAL**

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:               Opinion No. O-3700

                Re: Whether a specialized motor
                    carrier license under House
                    Bill 351, 47th Legislature,
                    is liable for the intangible
                    assets tax levied by Article
                    13, House Bill 8, 47th Legis-
                    lature, or the gross receipts
                    tax levied in Article 14 of
                    said House Bill 8.

       In your letter of June 17, 1941, you request
our opinion as to whether a carrier holding a certificate
issued under authority of House Bill No. 351, Forty-seventh
Legislature, is liable for the intangible assets tax levied
by Article XIII of House Bill 8 of the Forty-seventh Legis-
lature, or the gross receipts tax levied by Article XIV of
House Bill 8.

       By the express terms of said Article XIV
carriers who are required to pay an intangible assets tax
under the laws of this State are exempted from the pro-
visions of Article XIV requiring payment of a gross re-
ceipts tax. Hence we are immediately confronted with the
question as to whether a specialized motor carrier operat-
ing under a certificate granted by the Railroad Commission
pursuant to House Bill 351 is required to pay the intangible
assets tax levied by Article XIII. In the last mentioned
article it is provided that each common carrier motor
carrier operating under a certificate of convenience and
necessity issued by the Railroad Commission of Texas, doing
business wholly or in part within this State, and every
other individual, company, corporation or association doing
business of the same character in this State, in addition
to the ad valorem taxes on tangible properties which are or
may be imposed upon them respectively by law shall pay an
annual tax on their intangible assets and property. Does
the specialized motor carrier come within the definition of

those affected by Article XIII?  In our opinion, it does.
A reading of House Bill No. 351, Forty-seventh Legislature,
shows clearly that one operating under a certificate issued
by authority of that Act will be engaging in the business of
a limited common carrier, that is he will be a common
carrier of certain designated commodities.  The instrument
issued to him is frequently referred to in the Act as a
certificate of convenience and necessity.  Section 5a(a),
Section 5a(b), Section 5a(e), Section 5a(g).  As a matter
of fact in Section 1, embodying the Legislature's declara-
tion of policy, it is declared to be the policy of the
Legislature "to create a class of common carrier motor
carriers designated as specialized motor carriers to engage
in the business of transporting" certain properties.  Our
opinion is that such carriers should be required to pay the
intangible assets tax levied by Article XIII but that they
should be exempted from the gross receipts tax levied in
Article XIV.

Presumably all such carriers will pay the
intangible assets tax.  We are not now confronted with the
question of whether a specialized carrier which for some
reason is actually not required to pay an intangible assets
tax would be liable for the gross receipts tax, and we prefer
not to attempt to answer that question until the taxing
authorities are confronted with it.

Yours very truly

APPROVED JULY 11, 1941        ATTORNEY GENERAL OF TEXAS

s/ Grover Sellers             s/ Glenn R. Lewis

FIRST ASSISTANT               By          Glenn R. Lewis
ATTORNEY GENERAL                              Assistant

GRL:LM/cg

Approved Opinion Committee
By BWB, Chairman